IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRYAN WHITING and MICHELLE
WHITING, *husband and wife*,

        Plaintiffs,

            v.

COUNTY OF LAWRENCE
PENNSYLVANIA, JOSHUA LAMANCUSA
*individually and in his capacity as Lawrence
County District Attorney,* JAMES A. MIMS,
and ALLEN PORTER,
        Defendants.

18cv1398

**ELECTRONICALLY FILED**

## Order of Court on Motions in Limine

Pending before this Court are five (5) Motions in Limine, all of which are filed jointly by the Defendants. After careful consideration, the Court hereby rules as follows:

(1) As to the Defendants' Motion in Limine to Preclude Plaintiffs from connecting claims alleged in the Complaint (doc. 97), said Motion is DENIED as the probative value of this evidence outweighs any prejudicial effect.

(2) As to the Defendants' Motion in Limine to Preclude Plaintiffs from Presenting Evidence Regarding "High Stakes Poker" (doc. 99), said Motion is DENIED. The arguments raised by Defendants go to the weight, rather than the admissibility, of this evidence.

(3) As to the Defendants' Motion in Limine to Preclude the Introduction of "Lay Medical Opinion Evidence" (doc. 102), Plaintiffs can certainly describe, as fact witnesses, the symptoms Plaintiff is experiencing, but cannot make or suggest medical diagnosis or testify as to what diagnosis Plaintiff's physician told him. Accordingly, said Motion is DENIED.

(4) As to the Defendants' Motion in Limine to Preclude Introduction of Evidence of Real Estate Transactions between the Office of the District Attorney and Mims and/or Porter (doc. 104), said Motion is DENIED, because the arguments made by Defendants go to the weight, rather than the admissibility, of this evidence. Furthermore, a weighing of the factors of unfair prejudice, confusion of the issues, or jury confusion, does not substantially outweigh the probative value of this evidence under Fed. R. Evid. 403.

(5) As to the Defendants' Motion in Limine to Preclude the Introduction of Lay Opinion Evidence Relative to Damages (doc. 106), said Motion is DENIED, because Plaintiffs can testify as fact witnesses as to the amount of money for which the business interest was sold as set forth more fully in Plaintiffs' response in opposition at doc. 116.

(6) Therefore, based upon the above rulings, the following objections are OVERRULED, and these exhibits are admissible. P-1, P-2, P-3, P-5, P-6, P-7, P-8, and P-9.

**SO ORDERED** this 29th day of October, 2019.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge